IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BLAS PAYAN AND MARIA PAYAN, INDIVIDUALLY AND AS NEXT FRIEND OF JOSE PAYAN AND SELENE PAYAN, MINORS, | § § § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. G-05-337 |
| v. | § § | |
| CONTINENTAL TIRE NORTH AMERICA, INC., CONTINENTAL AG, AND FORD MOTOR COMPANY, | § § § § § | |
| Defendants. | § § | |

**ORDER DENYING CONTINENTAL TIRE NORTH AMERICA, INC.'S MOTION TO DISMISS FOR FAILURE TO JOIN A PARTY UNDER FRCP RULE 19 AND ORDERING PARTIES TO RESPOND WITHIN 10 DAYS ON VENUE ISSUES**

This case arises out of a one-car accident allegedly caused by the tread separating from a tire on a Ford truck. Now before the Court comes the Motion to Dismiss for Failure to Join an Indispensable Party by Continental Tire North America, Inc. ("CTNA"). For the following reasons, CTNA's Motion is respectfully **DENIED**.

I. Background

In July 2004, Plaintiffs were involved in a one-car accident. In September 2004, Plaintiffs filed suit in state court in Dallas County, Texas against the current Defendants as well as against Roy Reyes d/b/a Amigos Tires & Mufflers ("Reyes"). Plaintiffs eventually dropped their state-court suit and immediately filed suit in this Court. Plaintiffs did not sue Reyes, who is a Texas resident.

1

CTNA claims Plaintiffs have not sued Reyes because they did not like the progress of their case in state court, and they know that suing Reyes would destroy this Court's diversity jurisdiction. CTNA argues that Reyes is an indispensable party under Fed. R. Civ. P. 19, and the Court should therefore dismiss the suit because Reyes cannot be joined.

Plaintiffs initially sued Reyes on the theory that he improperly repaired punctures in the tire, and these improper repairs contributed to the tread separation. Plaintiffs now state that, based on the report of their tire expert, the repairs did not cause the problem, and therefore they do not have a valid claim against Reyes.

II. Legal Standard

Fed. R. Civ. P. 12(b)(7) allows for motions to dismiss for failure to join a party required by Fed. R. Civ. P. 19. A person is a necessary party if :

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a). If a person is found to be necessary but cannot be joined, the Court must then determine whether that person is indispensable and whether "in equity and good conscience" the action should be dismissed. Fed. R. Civ. P. 19(b); *see also Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 108-9, 88 S. Ct. 733, 737, 19 L. Ed. 2d 936 (1968). To determine whether such a person is indispensable, the Court must consider whether the person's absence would be prejudicial to the person or those already parties; whether the Court can shape the relief granted to lessen or avoid the prejudice; "whether a judgment rendered in the person's absence will be

adequate," and "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." Fed. R. Civ. P. 19(b).

III. Analysis

The burden is on CTNA to show that Reyes meets one of the criteria to be a necessary party, and then to show that Reyes is also indispensable. *See Clark v. Kick*, 79 F. Supp. 2d 747, 753 (S.D. Tex. 2000). CTNA has not shown that Reyes meets the first criterion for a necessary party–that his absence would prevent the Court from according complete relief to all those already Parties. If the judgment favors Plaintiffs, then Plaintiffs will obtain complete relief against CTNA and the other Defendants. *See James v. Valvoline, Inc.*, 159 F. Supp. 2d 544, 551 (S.D. Tex. 2001). If the judgment favors Defendants and Plaintiffs take nothing, then Defendants will be absolved as to Plaintiffs' direct claims against them.

The second possibility for CTNA is that Reyes's absence impairs his ability to protect his own interests. The Court does not believe that this is the case. First, no judgment can be entered against Reyes since he is not a party. Second, the Court doubts that Reyes is interested in the expense and inconvenience of answering and defending a suit in which Plaintiffs state that they have no case against him.

CNTA's last resort is to show that Reyes's absence subjects it to a substantial risk of multiple or inconsistent obligations. Joint tortfeasors are not typically indispensable parties, and the general rule is that a plaintiff cannot be forced to sue a joint tortfeasor on the theory that an absent joint tortfeasor automatically subjects the other defendants to a risk of multiple or inconsistent obligations. *See Temple v. Synthes Corp.,* 498 U.S. 5, 7, 111 S. Ct. 315, 316, 112 L. Ed. 2d 263 (1990); *Nottingham v. Gen. Am. Communications Corp.*, 811 F.2d 873, 880 (5th Cir. 1987).

Case 3:05-cv-00337   Document 26   Filed in TXSD on 08/10/05   Page 4 of 7

An exception to that rule is when the joint tortfeasor is an "active participant" in the tort. *See Haas v. Jefferson Nat'l Bank*, 442 F.2d 394, 398 (5th Cir. 1971). CTNA suggests that Reyes was an active participant. Plaintiffs, though, do not seek to impose liability on CTNA for Reyes's acts. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 559 (5th Cir. 1985). Reyes's role in repairing the tire does not necessarily make him an active participant for the purpose of this suit. CTNA's citation to two cases in which courts found airplane owners to be necessary parties in cases involving questions of proper maintenance does not support the mandatory joinder of Reyes. *See Kern v. Jeppesen Sanderson, Inc.*, 867 F. Supp. 525, 537 (S.D. Tex. 1994); *Whyham v. Piper Aircraft Corp.*, 96 F.R.D. 557, 560-61 (M.D. Pa. 1982). Although Reyes may have repaired the tire at some point, Plaintiffs–not Reyes–were the owners responsible for proper maintenance. To the extent that CTNA wishes to argue improper maintenance of the tire, it is free to do so, with or without Reyes as a party. Therefore, while Reyes may have been an "active participant" with regard to a few moments in the tire's history, he was not necessarily an active participant in the allegedly negligent behavior or in any behavior that would subject CTNA to a second suit and a double obligation, as in *Haas*. *See Haas*, 442 F.2d at 398. Plaintiffs' allegations against CTNA do not involve any activity by Reyes.

Also, CTNA's concern about the possibility of Plaintiffs obtaining an inconsistent judgment in a separate suit against Reyes is alleviated by Plaintiffs' open admission that they have no case against Reyes.[1] The threat of inconsistent obligations must be "substantial," not merely possible, to

---

[1] This fact distinguishes this case from *Bailey v. Toyota Motor Corp.*, No. IP01-1456-C-T/K, 2003 WL 23142185 (S.D. Ind. Oct. 31, 2003), cited by CTNA, in which the *plaintiffs* moved to add a repair shop as a defendant because they believed that improper installation of a replacement part may have caused the injury. In that case, the threat of separate state-court litigation was definite.

4

qualify a person as a necessary party. Fed. R. Civ. P. 19(a). Plaintiffs' statement that they have no case against Reyes also undermines CTNA's contention that Plaintiffs' failure to sue Reyes is a strategic maneuver to induce CTNA to bring in Reyes. The Supreme Court has ruled that plaintiffs may not wait for a defendant to implead a non-diverse party so that they can file a third-party complaint against the non-diverse party and maintain diversity jurisdiction. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 376, 98 S. Ct. 2396, 2404, 57 L. Ed. 2d 274 (1978). Should CTNA sue Reyes, Plaintiffs could not file a direct claim against him without destroying diversity. However, that does not make Reyes a necessary party.

Even if Plaintiffs sue Reyes in a separate proceeding, CTNA is free to assert res judicata or collateral estoppel as a defense as to any of Plaintiffs' claims that have been fully litigated in this action if CTNA is somehow made a party to such a case. Also, the possibility of a suit for contribution does not justify dismissal under Rule 19. *See Nottingham*, 811 F.2d at 880; *Noorian v. Pie Mut. Ins. Co.,* 978 F. Supp. 690, 694 n.2 (S.D. Tex. 1997). While these considerations might affect the level of prejudice to a party as a factor in determining whether a necessary party is indispensable, that inquiry is unnecessary unless the person is first found to be a necessary party. *See* Fed. R. Civ. P. 19; *SMI-Owen Steel Co. v. St. Paul Fire & Marine Ins. Co.*, 199 F.R.D. 209, 212 (S.D. Tex. 2001). CTNA has not shown that Reyes is a necessary party.

If CTNA feels that its defense requires Reyes's testimony, it may bring him as a witness at trial. If CTNA feels that its defense requires Reyes's presence as a party, it may bring him in as a third party pursuant to Fed. R. Civ. P. 14(a). The Court will not require Plaintiffs to assert a claim against Reyes when Plaintiffs say that they have solid evidence of Reyes's non-responsibility. Reyes is not a necessary party under Fed. R. Civ. P. 19, and CTNA's Motion to Dismiss is therefore

**DENIED**.

IV. Venue

In reviewing the pleadings and motions on file, the Court noticed that this case appears to have no connection to the Galveston Division of the Southern District of Texas. The state-court suit was filed in Dallas County. Some Defendants have offices in Dallas and others in Austin. The tire was repaired in Dallas County. Plaintiffs' state-court petitions assert that they reside in Dallas County, but their Complaint in this Court states that they reside in the Southern District of Texas. No mention is made of the Galveston Division at all.

The Court therefore **ORDERS** all Parties (jointly or separately) to respond within 10 days of this Order with a statement of venue facts, specifically Plaintiffs' exact residence now and at the time of the accident, the location of the accident, the location of Plaintiffs' medical treatment, where the vehicle was purchased, and any other information the Parties find relevant. The Parties should provide information on the connection not only to the Southern District, but to the Galveston Division in particular. If the Parties are unable to articulate a genuine connection to this District and Division, the Court may sua sponte transfer the case to a more appropriate venue.

V. Conclusion

For the above-stated reasons, CTNA's Motion to Dismiss is hereby **DENIED**. All Parties are **ORDERED** to file a statement of venue facts, jointly or separately as the Parties desire, within 10 days of this Order. Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 10th day of August, 2005 at Galveston, Texas.

*[signature]*
Samuel B. Kent
United States District Judge